IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT D. CLOUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3713 |
| | § | |
| PERENCO, L.L.C., PERENCO | § | |
| ECUADOR LIMITED, PERENCO, | § | |
| & LCX ENERGY, L.L.C., | § | |
| | § | |
| Defendants. | | |

ORDER

Pending before the Court are Plaintiff Robert Clough's Motion to Remand (Instrument No. 12) and Defendants Perenco Ecuador Limited and Perenco's Motion to Dismiss for Lack of Personal Jurisdiction (Instrument No. 3). Having considered the motions, submissions, and applicable law, the Court determines that Plaintiff's Motion to Remand should be DENIED, and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should be GRANTED in part and DENIED in part.

BACKGROUND

Plaintiff Robert Clough ("Clough") brings this action for negligence against Defendants Perenco, L.L.C., Perenco Ecuador Limited, Perenco, and LCX Energy, L.L.C. Clough, a resident of Texas who was working for Nabors Drilling in Ecuador, alleges he was nearly run over by two employees working for one of the Perenco

entities on October 12, 2003. Clough claims he suffered serious and permanent injuries.

On August 31, 2005, Clough filed suit in a state court against Perenco, L.L.C., Perenco Ecuador Limited, Perenco, and LCX Energy, L.L.C. (collectively, "the Perenco Defendants"), claiming their negligence proximately caused his injuries.[1] On October 31, 2005, the Perenco Defendants removed the case to federal court, alleging diversity jurisdiction exists because Clough fraudulently joined Perenco, L.L.C. to destroy diversity.[2] Perenco, L.L.C. is a citizen of the United States with its principal place of business in Texas. Perenco Ecuador Limited is a citizen of the Commonwealth of the Bahamas with its principal place of business in Ecuador. Perenco is a citizen of France with its principal place of business in France. On November 30, 2005, Clough moved to remand the case back to the state court.

Subsequently, on November 7, 2005, Perenco Ecuador Limited and Perenco ("the Foreign Defendants") moved to dismiss based on a lack of personal jurisdiction, claiming the Foreign Defendants do not have sufficient minimum contacts with the state

---

[1] LCX Energy, L.L.C. bought Perenco, L.L.C., and changed the name Perenco, L.L.C. to LCX Energy, L.L.C. on March 31, 2005. For the purposes of this Order, the Court will refer to this entity as Perenco, L.L.C.

[2] The Perenco Defendants removed this case from the 334th Judicial District Court of Harris County, Texas.

of Texas. Additionally, the Foreign Defendants aver that even if minimum contacts existed, it would be fundamentally unfair to subject them to jurisdiction in Texas.

## LAW AND ANALYSIS

I. MOTION TO REMAND

The Perenco Defendants argue Perenco, L.L.C. was fraudulently joined as a defendant to destroy diversity. Clough argues the Court should remand the case to the state court because Perenco, L.L.C. was not fraudulently joined. The Court agrees with the Perenco Defendants that Perenco, L.L.C. was fraudulently joined to defeat diversity. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-701 (5th Cir. 1999); *Alonso v. Maytag Corp.*, 356 F. Supp. 2d 757, 760 (S.D. Tex. 2005) (noting that "the court may not consider causes of action not asserted in the original state court petition"). Thus, Clough's Motion to Remand is denied, and Perenco, L.L.C. and LCX Energy, L.L.C. are dismissed from this action.

II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The remaining defendants, Perenco and Perenco Ecuador Limited, argue the Court lacks personal jurisdiction over them. In support of their claim, the Foreign Defendants argue they have not had sufficient minimum contacts with Texas. Further, they contend that even if the Court determines that sufficient minimum contacts exist, it would be fundamentally unfair to subject them to jurisdiction in a Texas court.

A. REQUIREMENTS OF PERSONAL JURISDICTION

A defendant is subject to the personal jurisdiction of a federal court sitting in diversity if a court in the state in which the federal court sits would have jurisdiction. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). To obtain personal jurisdiction over a non-resident defendant, the plaintiff must show that "(1) the forum state's long-arm statute confers jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). The Court notes the first requirement is satisfied because the Texas long-arm statute confers jurisdiction over a non-resident defendant "to the fullest extent allowed by the U.S. Constitution." *Freudensprung*, 379 F.3d at 343; *Schlobohm*, 784 S.W.2d at 357.

To meet the due process requirement of the second prong, (1) the non-resident defendant must have minimum contacts with the forum state; and (2) subjecting the non-resident defendant to jurisdiction must comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Freudensprung*, 379 F.3d at 343. The plaintiff bears the burden of showing minimum contacts with the state. *Freudensprung*, 379 F.3d at 343. Then, the burden shifts to the defendant to show that "the exercise of jurisdiction would not comply with 'fair

play' and 'substantial justice.'" *Freudensprung*, 379 F.3d at 343 (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). In determining whether the plaintiff has met his or her burden, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

The minimum contacts analysis is subdivided into specific and general jurisdiction, depending on a plaintiff's allegations.  Specific jurisdiction exists when "(1) the [non-resident] defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the [non-resident] defendant[']s contacts with the forum state." *Freudensprung*, 379 F.3d at 343; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The plaintiff can show general jurisdiction if the jurisdictional claim is not based on purposeful contacts with the forum state, but the non-resident defendant has engaged in "continuous and systematic contacts" in the forum. *Helicopteros*, 466 U.S. at 414-416; *Freudensprung*, 379 F.3d at 343.

With regard to the second prong of the minimum contacts inquiry, the Texas Supreme Court has developed a three-prong test to determine whether the due process

requirements are met. To satisfy the requirements of personal jurisdiction over a non-resident defendant under this test,

> (1) "The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state";
> (2) "The cause of action must arise from, or be connected with, such act or transaction. Even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic"; and
> (3) "The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protections of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

*Schlobohm v. Schapiro*, 784 S.W.2d 355, 358 (Tex. 1990) (modifying the test from *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex. 1966) to include the requirements for general jurisdiction).

In this case, Clough's injury does not arise out of the Foreign Defendants' contacts with Texas, the forum state. Instead, the injury occurred in Ecuador, and Clough argues the Foreign Defendants have engaged in continuous and systematic contacts with Texas. Therefore, the Court will consider whether general jurisdiction exists over the Foreign Defendants.

### B. JURISDICTION OVER DEFENDANT PERENCO

Clough argues Perenco, a French company, has sufficient minimum contacts with

Texas to support an exercise of personal jurisdiction over it. In support of this argument, Clough avers that Perenco is the parent company of Perenco, L.L.C., a Texas business.³ Clough has not alleged that Perenco has any other contacts with Texas.

A parent company is not usually subject to jurisdiction in the forum state merely because its subsidiary does business there. *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). The parent-subsidiary relationship is not enough to confer jurisdiction. *Id.* "[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Id.* at 1160 (discussing the Supreme Court's holding in *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)).

Because Clough has asserted nothing more than the parent-subsidiary relationship as a basis for subjecting Perenco to the jurisdiction of this Court, the Court concludes it does not have personal jurisdiction over Perenco. Consequently, Perenco's Motion to Dismiss for Lack of Personal Jurisdiction is granted.

### C. JURISDICTION OVER DEFENDANT PERENCO ECUADOR LIMITED

Clough argues Perenco Ecuador Limited, a Bahamian company with its principal place of business in Ecuador, has sufficient minimum contacts with Texas to satisfy the test for personal jurisdiction over Perenco Ecuador Limited. These contacts include

---

³As previously noted, Perenco, L.L.C. now goes by LCX Energy, L.L.C.

Perenco Ecuador Limited's purchases in Texas, use of geologists from its sister company in Texas, and rental of warehouse space in Texas. Thus, the Court must analyze whether it may exercise general jurisdiction over Perenco Ecuador Limited.

Under the first factor of the Texas test, the Court must consider whether Perenco Ecuador Limited's activities in Texas are substantial enough such that Perenco Ecuador Limited should reasonably anticipate being called into a Texas court. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 359 (Tex. 1990). Clough points the Court to three activities that he contends satisfy the first prong: (1) Over the course of seven months in 2003, Perenco Ecuador Limited made several dozen purchases totaling approximately $130,000 in Texas through its sister company, Perenco, L.L.C., and continued to make purchases in 2004; (2) Perenco, L.L.C. periodically sent its geologists to Ecuador to assist Perenco Ecuador Limited in its business, and Perenco Ecuador Limited reimbursed Perenco, L.L.C. for expenses incurred by the geologists; and (3) Perenco Ecuador Limited pays to store records at a warehouse in Texas. The Court agrees with Clough that these activities are sufficient to require Perenco Ecuador Limited reasonably anticipating being called into court in Texas, meeting the first prong of the jurisdictional test. *See Temperature Sys., Inc. v. Bill Pepper, Inc.*, 854 S.W.2d 669, 676 (Tex. App.–Dallas 1993, writ dism'd by agr.).

The second prong requires Perenco Ecuador Limited's contacts with Texas to

be "continuous and systematic." *Schlobohm*, 379 F.3d at 343. Perenco Ecuador Limited's purchase of supplies through Perenco, L.L.C., its continuing use of the warehouse space, and its past use of Perenco, L.L.C.'s geologists are "continuing and systematic" so as to meet the second prong of the Texas test. *See Temperature Sys.*, 854 S.W.2d at 676 (finding general jurisdiction where the non-resident defendant made purchases of almost $500,000 worth of equipment between 1987 and 1990, and where, since 1971 and continuing to the present, the non-resident defendant maintained a relationship with Texas distributors). Additionally, there is no evidence that Perenco Ecuador Limited's storage of records in Texas will cease. Thus, Perenco Ecuador's activities constitute continuing and systematic contacts with Texas. *See id.*

The third prong of the test—whether exercising jurisdiction offends "traditional notions of fair play and substantial justice"—requires the Court to consider five factors:

> (1) the burden on defendant;
> (2) the forum state's interest in resolving disputes;
> (3) the plaintiff's interest in resolving the dispute;
> (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and
> (5) "the shared interest of the several states in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1957)); *Temperature Sys.*, 854 S.W.2d at 676. Perenco Ecuador Limited alleges that forcing it to litigate in Texas

9

would be a heavy burden. However, as previously mentioned, its continuing and systematic contacts with Texas are such that Perenco Ecuador Limited should reasonably anticipate the possibility of litigating in a Texas court. Moreover, its burden is lightened somewhat by the fact that Perenco Ecuador Limited has a sister company in Texas, Perenco, L.L.C., whose in-house counsel manages litigation that may arise in Texas courts involving any of the Perenco entities. Texas has a substantial interest in protecting its resident, Clough, from Perenco Ecuador Limited's allegedly negligent conduct. Clough similarly has a substantial interest in resolving this dispute in his home state. Considering the above interests, the Court determines that exercising jurisdiction over Perenco Ecuador Limited comports with traditional notions of fair play and substantial justice. Consequently, the Court concludes it has personal jurisdiction over Perenco Ecuador Limited. Therefore, Perenco Ecuador Limited's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

Accordingly, the Court hereby

ORDERS that Plaintiff's Motion to Remand (Instrument No. 12) is DENIED. The Court further

ORDERS that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Instrument No. 3) is GRANTED in part and DENIED in part. Defendants Perenco, L.L.C., LCX Energy, L.L.C., and Perenco are dismissed from this case. The case shall

proceed as to Perenco Ecuador Limited.

SIGNED at Houston, Texas, on this 11th day of April, 2006.

_____/s/ David Hittner_____

DAVID HITTNER

United States District Judge