UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT D. CLOUGH, JR.,                §
                                      §
        *Plaintiff*,                  §
                                      §
v.                                    §          CIVIL ACTION H-05-3713
                                      §
Perenco, L.L.C., *et al.*,            §
                                      §
        *Defendants*.                 §

## ORDER

Pending before the court is defendant Perenco Ecuador Limited's motion to dismiss for *forum non conveniens*. Dkt. 36. Upon consideration of the motion, response of the plaintiff, and the applicable law, the motion will be DENIED.

## BACKGROUND

Plaintiff Robert Clough, a Texas resident, brought an action for negligence against Defendants Perenco, L.L.C., Perenco Ecuador Limited ("PEL"), and Perenco to recover for injuries following a "near-miss auto-pedestrian accident" on October 12, 2003. Dkt. 53. Clough alleged the accident "involv[ed] a Perenco employee driving a Perenco vehicle" while on the premises of a land-based drilling rig located in Ecuador.[1] Clough was employed by Nabors Drilling International Limited ("Nabors"), a company performing contract work for PEL, Perenco's Ecuadorian subsidiary. *Id.*

Clough stated in his affidavit he did not know the name of the employee driving the vehicle and to date, he has not been told the identity. Dkt. 53, Ex. 4. Clough also attested that he did not

---

[1] Some recitations of the alleged facts state that the accident specifically involved two Perenco employees. Dkt. 24, Dkt. 36.

have any discussions with Perenco employees or supervisors following the incident.  Dkt. 53, Ex. 4.  He asserts that to his knowledge the only documentation related to the occurrence rests with Nabors.  *Id.*  Clough alleged that he suffered significant neck injuries requiring two surgeries with resulting spinal damage.  *Id.*, Dkt. 53, Ex. 4.

Clough claimed that he reported his injury to his supervisor at Nabors and was treated at a hospital in Ecuador for five days before being sent home to Houston for further medical treatment.  Dkt. 53, Ex. 4.  Copies of the medical records and diagnostic films from Ecuador were provided to the doctors who treated Clough's injuries in Houston.  *Id.*

Clough filed his original petition in the Harris County District Court.  Perenco then timely filed a notice of removal to this court in October 2005 and moved to dismiss for lack of personal jurisdiction. The court previously denied Clough's motion to remand as well as Perenco Ecuador Limited's motion to dismiss.[2]  *See* Dkt. 24 at 10–11.  The motion currently pending before the court is defendant PEL's motion to dismiss on *forum non conveniens* grounds on the basis that defending this negligence suit in Texas "arising solely from events occurring in Ecuador imposes a heavy burden on PEL."  Dkt. 36.

## STANDARD OF REVIEW

The doctrine of *forum non conveniens* allows courts to decline jurisdiction "presuppos[ing] at least two forums in which the defendant is amenable to process" and provides the criteria to choose between the two forums.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07, 67 S. Ct. 839 (1947).  No universal rule exists requiring a court with jurisdiction to exercise it, and courts

---

[2]Defendants Perenco, L.L.C. and LCX Energy, L.L.C. were dismissed from the action on grounds that they were improperly joined.  The parent company Perenco was dismissed on lack of personal jurisdiction grounds.  PEL is the only defendant remaining.

occasionally decline to do so where a suit is between non-residents or where "litigation can more appropriately be conducted in a foreign tribunal." *Id.* at 504, 506–07; *Koster v. Lumberman's Mut. Cas. Co.*, 330 U.S. 518, 530, 67 S. Ct. 828 (1947) (the doctrine rests upon a court's "inherent power" to prevent the process becoming an instrument for abuse and injustice). When performing the *forum non conveniens* factor-based analysis, the "ultimate inquiry" for the court is to determine "where trial will best serve the convenience of the parties and the ends of justice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251–252, 102 S. Ct. 252 (1981); *Koster*, 330 U.S. at 527. Only in "rather rare cases" should the doctrine be applied. *Gilbert*, 330 U.S. at 509; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S. Ct. 1712 (1996).

### ANALYSIS

In *Piper*, the Supreme Court set forth the modern *forum non conveniens* inquiry. First, a court must first assess whether an alternative forum exists that is both adequate and available. *In re Air Crash Disaster Near New Orleans, La. on Jul 9, 1982 v. Pan Am. World Airways, Inc.*, 821 F.2d 1147, 1165 (5th Cir. 1987). Only if this threshold question is answered affirmatively can the court proceed. *Id.* Next the court should analyze the private interest factors weighing in favor of and against dismissal. *Id.* If the private factors do not weigh in favor of dismissal, only then must a court consider the public interest factors. *Id.*

Plaintiffs who have a choice of forum cannot resort to a strategy of forcing their adversary to defend suit where it is highly inconvenient. *Id.* If the choice of forum is "out of all proportion to plaintiff's convenience" or if it affects the court's administrative or legal process, the court may exercise its discretion to dismiss the case. *Piper*, 454 U.S. at 241. PEL carries the burden to prove dismissal is warranted, and its burden of persuasion "runs to all elements" of the analysis. *In re Air*

*Crash*, 821 F.2d at 1164.  At no point does the burden shift to Clough to prove that dismissal is highly inconvenient.  However, Clough should still be able to pinpoint specific facts or reasons showing his choice is based on convenience.  *Piper*, 454 U.S. at 249; *see also Gilbert*, 330 U.S. at 509–10.

## A.    Adequate and Available Alternate Forum

The threshold inquiry that must be answered before the private and public interest factors come into play is whether an adequate and available alternative forum exists.  *Gilbert*, 330 U.S. at 507 (*forum non conveniens* inquiries presuppose at least two forums); *see also In re Air Crash*, 821 F.2d at 1165 (once the determination that an adequate and alternative forum exists has been made, the private and public interest factors may then be balanced); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.2d 331, 342 (5th Cir. 1991) (same).  Determining whether Ecuador is a viable alternative forum is "a two-part inquiry: availability and adequacy."  *In re Air Crash Disaster*, 821 F.2d at 1165.  A foreign forum is *available* when "the entire case and all parties can come within the jurisdiction of that forum" and is *adequate* when "the parties will not be deprived of all remedies or treated unfairly" even though the same benefits may not be enjoyed.  *Id.*; *Alpine View Co. v. Atlas Copco*, 205 F.3d 208, 221 (5th Cir. 2000).

### 1)    Available

PEL argues that Ecuador has the ability to assert jurisdiction over the parties–given that Ecuadorian courts have jurisdiction over local companies–and the entire case. Dkt. 36, Ex. A at ¶ 5, 6.  PEL–an Ecuadorian company–is the sole remaining defendant.  Therefore, Ecuadoran courts may assert jurisdiction over the defendant.  Additionally, PEL presented the affidavit of an Ecuadorian lawyer stating that Ecuador recognizes a negligence cause of action based on principles

4

equivalent to those established in American common law.  Since negligence is a recognized tort and

all parties are within Ecuador's jurisdiction, PEL has established that Ecuador is an available forum.

*See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993).

       2)    *Adequate*

       PEL argues the forum is adequate because Clough would not be deprived of remedies or be

treated unfairly even though he may not enjoy the same benefits in an Ecuadorian trial as a trial in

the United States.  Dkt. 36 (citing *Gonzales v. Chrysler*, 301 F.3d 377, 379–80 (5th Cir. 2002) (a

forum is still adequate if the parties are not deprived of all remedies and not treated unfairly even if

the benefits received in the foreign forum are not exactly the same) (citing *In re Air Crash Disaster*,

821 F.2d at 1165)).  Ecuador provides for civil remedies in personal injury cases, including damages

for lost income and for pain and suffering similar to the United States. Dkt. 36,  Ex. A at ¶ 5.

       Clough argues that PEL offers no evidence regarding whether his suit is time barred.

However that argument fails, because the court may condition its dismissal to allow Clough to

reinstate his suit here should PEL attempt to use a statute of limitations defense in Ecuador.  *See In*

*re Air Crash*, 821 F.2d at 1166; *Dickson Marine*, 179 F.3d at 342; *Zermeno v. McDonnell Douglas*

*Corp.,* 246 F. Supp.2d 646, 659 (S.D. Tex. 2003); *see also Webster v. Santa Fe Int'l Corp.*, No. 3:98-

CV-1314-D, 1999 WL 20840, at *24 (N.D. Tex. Jan. 12, 1999) (a court must include a return

jurisdiction clause in its dismissal order effectively allowing a plaintiff to reinstate his suit if the

defendant obstructs suit in the foreign forum) (citing *Baris v. Sulpicio Lines*, 932 F.2d 1540,

1551–52 (5th Cir. 1991) (a district court may determine dismissal conditions)).  Finally, Clough

argues that PEL made no mention of whether Clough would be entitled to a jury trial. Dkt. 53 at 6.

That argument is unavailing.  Even if Ecuador does not allow for a jury trial, that does not render a

forum inadequate. *Zermeno*, 246 F. Supp.2d at 659 (citing *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 834 (S.D. Tex. 1993)).  Accordingly, the relevant facts demonstrate that Ecuador is an available and adequate forum.

**B.     Private Interest Factors**

Since an adequate and available forum exists, the court must next balance the private interests of the litigants.[3]  The important considerations are:

1)     Relative ease of access to sources of proof;

2)     Availability of compulsory process for attendance of unwilling witnesses;

3)     Cost of obtaining attendance of willing witnesses;

4)     Possibility of a view of the premises, if appropriate; and

5)     Other practical problems of conducting trial including ease and expense (e.g., enforceability of a judgment).

*Gilbert*, 330 U.S. at 508.  Nonetheless, unless the balance of factors strongly favors dismissal, "the plaintiff's choice of forum should rarely be disturbed" by the court.  *Gilbert*, 330 U.S. at 508; *see also Koster*, 330 U.S. at 524; *Piper*, 454 U.S. at 255.

*1.     Ease of Access to Sources of Proof*

The lack of documentary evidence in Ecuador weighs in favor of Texas as the appropriate forum.  Other than the Nabors Drilling report—already produced by PEL to Clough—there does not appear to be any documentary evidence actually relevant or presently available regarding the accident.  Dkts. 54 at 3, 55 at 1.  Ecuador as the site of the alleged incident provides a significant

_____

[3] Although the public and private interest factors are similar to those under a transfer of venue inquiry, case law indicates that the doctrines should be treated separately.  *See In re Air Crash*, 821 F.2d at 1153–54 (citing *Piper*, 454 U.S. at 250 (transfers between federal courts, though informed by the *forum non conveniens* doctrine, and *forum non conveniens* dismissals are not equivalent)).

connection, but location, by itself, is not enough. *See Dickson Marine*, 179 F.3d at 343 (stating the court does not focus solely on the location of the capsizing incident to determine the most convenient location); *Webster*, 1999 WL 20840, at *4 (because no showing was made that the documentary evidence was voluminous, that fact favored litigating in the local forum).

PEL asserts that even though it remains highly skeptical that any witness could be found that would remember the incident, if any such person did exist he would be located in Ecuador. Dkt. 53, Ex. D. Clough points to the paradoxical nature of this argument and counters that PEL cannot base its argument on hypothetical witnesses. The court agrees. *See Webster*, 1999 WL 20840 at *1 (party must provide at least a basic understanding of what witnesses it intended to call and to whom it needed access). Accordingly, without documents or witnesses located in Ecuador, this factor weighs against dismissal.

2. *Availability of Compulsory Process for Attendance of Unwilling Witnesses*

Both the district court and the courts of Ecuador provide for the *ability* to compel unwilling witnesses within their respective forum.[4] *See Webster*, 1999 WL 20840, at *5; Dkt. 36 (citing *Custom Form Mfg., Inc. v. Ormon Corp.*, 196 F.R.D. 333, 336–37 (N.D. Ind. 2000)). Neither party can identify any unwilling witnesses for whom compulsory process would be necessary. PEL argues that Mr. Millan, Clough's supervisor and a Canadian resident, is outside of this court's subpoena power and that Clough failed to provide contrary evidence. Dkt. 54. However, PEL's argument is irrelevant because Mr. Millan is no more subject to Ecuador's courts than to the United States' courts. *See* Dkt. 55. Therefore, this factor is neutral.

---

[4] However, it is unclear how Ecuador's process works–PEL notes only that the process is "available." Dkt. 36.

### 3.    *Costs of Obtaining Appearance of Willing Witnesses*

According to *Piper*, the defendant must provide enough information to "enable the District Court to balance the parties' interests" although a detailed witness list is not required.  454 U.S. at 258.  PEL has not provided any information about the witnesses it would call in its defense, whether the trial was in Ecuador or Texas.  *See Alpine View*, 205 F.3d at 222 (party challenging dismissal did not identify one individual from whom it would take depositions); *Webster*, 1999 WL 20840 at *5.  PEL argues only that numerous employees *may* have witnessed the incident not that it intends to call any.  Dkt. 54 at 4 (emphasis added).  However, it appears Clough will at least be calling his treating medical doctors—located in Texas—as witnesses.  Dkt. 53.  Given PEL's current lack of eyewitnesses located in Ecuador and Clough's medical witnesses in Texas, this factor also weighs against dismissal.  *See Dtex, L.L.C. v. BBVA Bancomer, S.A.*, No. H-06-0188, WL 1080126, at *38–*39 (S.D. Tex. April 9, 2007) (dismissing in part because of the large number of Mexican witnesses, all dispersed, add to the cost of securing their attendance, and the "absence of any Texas witnesses").

### 4.    *Ability to View Premises*

PEL argues that the jury will need to view the specific area of the alleged incident to assess lighting conditions, width of the roads, and any contributing factors to the incident aside from alleged negligence of PEL employees.  Dkt. 36.  Clough counters by arguing that the incident occurred on an oil well site not dissimilar to any oil well site in Texas.  Dkt. 53 at 9.  Additionally, Clough argues that the premises appearance, lighting conditions and other such factors are wholly irrelevant to the activity that led to his injury because it was not a typical automobile accident where such factors would play a role in establishing causation.  *Id.*  Furthermore, photographs and diagrams may suffice in place of a view of the premises, because it is essentially a typical automobile accident

8

negligence case.  The court agrees.  Accordingly, the factor weighs against dismissal, or is neutral at best.

   5.   *Other Practical Problems*

   Neither side has presented the court with any issues that would fall under this rubric. Accordingly, this factor is neutral.  Because all of the private interest factors are either neutral or weigh against dismissal, PEL has not met its burden to show that the balance of factors favor dismissal.  Therefore, the court must review the public interest factors.

**C.   Public Interest Factors**

   When the private factors weigh against dismissal, the trial court may still dismiss a case where it finds that "retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute or that foreign law will predominate if jurisdiction is retained."  *In re Air Crash*, 821 F.2d at 1165 (internal quotation marks omitted).  Specifically, the public interest factors to be considered include:

   1)   Whether trial imposes administrative difficulties, e.g., court congestion;

   2)   Whether the burden of jury duty is imposed on a community with no relation to the litigation or view of the incident;

   3)   Whether trial furthers the local interest in having localized controversies decided at home;

   4)   Whether the diversity case will be tried in the forum at home with the governing state law;

   5)   Accounting for the need to avoid complex foreign law and conflicts of law analyses

*Gilbert*, 330 U.S. at 508–09.  When considering the public interest factors, the central question a court must answer is whether a general nexus exists with the forum "sufficient to justify the forum's

9

commitment of time and resources." *Seguros Comercial Americas S.A. De C.V. v. Am. President Lines, Ltd.*, 933 F. Supp. 1301, 1313 (S.D. Tex. 1996).

      1.    *Burdening the Jury and Other Administrative Concerns*

PEL argued that it is unfair to Texas jurors to have to resolve a purely Ecuadorian dispute. Dkt. 54.  Clough responded that Texas jurors are not burdened by hearing a dispute involving a Texas resident and a company with systematic and continuous contacts in Texas.  Dkt. 53.  The court agrees.  This case involves only two parties, one of which is a Texas citizen and resident. There exists more than a limited nexus to Texas.  *See Seguros*, 933 F. Supp. at 1314 (United States citizens should not be forced to wait behind causes brought by foreign plaintiffs).  Additionally, because the involves only two parties, it will not "absorb [any] more of this court's time than [would] other cases."  *See Zermeno*, 246 F. Supp.2d at 662 (comparing the circumstances to another cited case involving one-hundred foreign plaintiffs).  Therefore, this factor weighs against dismissal.

      2.    *Local Controversy*

There is a "local interest in having localized controversies decided at home."  *Gilbert*, 330 U.S. at 509.  As discussed above, both Texas and Ecuador have an interest in the case by virtue of the citizenship of the parties.  However, the case concerns a simple near-miss auto-pedestrian accident involving two private parties.  Unlike cases involving a major airline crash, a mass strict products liability or toxic tort involving multiple parties on both sides, the implications to Ecuador in terms of outcry for greater oversight and better regulatory practices simply do not follow such a small incident inconsequential to the general public of Ecuador.  *See Gilbert*, 330 U.S. at 505 (federal courts have been required to relinquish cases that would force the court to participate in the

administrative policy of a state).  Certainly, Ecuador has some interest in regulating the companies operating within its borders.  However, the particular interest in ensuring that resident plaintiffs of this forum have a means to pursue a remedy for an injury far outweighs the minimal interest Ecuador would have in hearing a minor negligence suit affecting only two private parties.

     *3.*      *Choice of Law*

PEL claims that the dispute will be governed by Ecuadorian law.  Clough has not yet argued that Texas law should apply instead.  However, even should Ecuadorian law apply, PEL has argued that the Ecuadorian law regarding negligence is based on similar elements and offers similar remedies to Texas law.  Therefore, this factor weighs only slightly in favor of dismissal.  However, this one factor is not sufficient to support dismissal.

CONCLUSION

PEL has moved the court for dismissal based on *forum non conveniens*.  Based on the foregoing analysis, the court finds that PEL has failed to carry its burden to demonstrate that Clough's choice of his home forum was "out of all proportion to plaintiff's convenience."  At best, the inconvenience to the parties is relatively equal.  Therefore, the court will defer to Clough's choice of forum.  The motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on August 21, 2007.

 

_____
Gray H. Miller
United States District Judge

11